*177 JUSTICE LEMONS,
with whom JUSTICE LACY joins, dissenting.
In my view the trial court did not abuse its discretion by striking plaintiff’s designation of his expert witness for failure to comply with an order to provide discovery and thereafter, upon request of the plaintiff, dismissing the case.
There is no transcript of the proceedings before the trial court in this record. Rather, Walsh relies upon a statement of facts pursuant to Rule 5:11(c). The pertinent portion of the statement of facts states:
Counsel for the Plaintiff informed the [cjourt that the June 4, 1999 time frame was the only opportunity Dr. Kostuick [sic] had available for the deposition. When pressed by the [c]ourt for additional information concerning Dr. Kostuick’s [sic] availability, counsel for the Plaintiff replied that the court may as well “go ahead and dismiss the case.” Failing in an attempt to find alternative dates for the deposition of Dr. Kostuick [sic], the [c]ourt granted the Defendant’s motion to preclude Dr. Kostuick’s [sic] testimony as an expert witness at trial. Counsel for the Defendant then moved to dismiss the case on the ground that Plaintiff’s evidence as a matter of law was insufficient to prove medical malpractice without a medical expert. Again, Plaintiff’s only response was “go ahead and dismiss the case.” The [c]ourt granted the Defendant’s motion and the case was dismissed.
The majority holds that “the trial court abused its discretion because it deprived Walsh of time, in this case two days, in which to comply with the court’s order.” Calling the dismissal a premature sanction under Rule 4:12, the majority suggests that “Walsh had not yet failed to obey the terms of the court’s prior discovery order.” The majority further observes that “we do not know whether the schedule of either Dr. Bennett’s counsel or Dr. Kostuik would have again changed between June 2 and the close of business on June 4.”
The majority does not hold that dismissal of the case for failure to comply with a discovery order of the court is an abuse of discretion; rather, the majority is concerned that the dismissal occurred two days before the stated deadline. However, the only evidence before us on the subject is the recitation in the statement of facts that “the June 4, 1999 time frame was the only opportunity Dr. Kostuick [sic] had available for the deposition.” The unavailability of Dr. Bennett’s *178 counsel within the narrow time frame offered by Dr. Kostuik for his deposition had been repeatedly established. Consequently, on the only evidence before us, the parties agreed that the deposition could not be taken between June 2 and the close of business on June 4. Plaintiff then twice invited the court to “go ahead and dismiss the case.”
Although I believe that it was not error to dismiss the case, if error occurred, it most assuredly was invited error that the plaintiff may not successfully assert on appeal. The majority concludes without analysis that the request to “go ahead and dismiss the case” does not satisfy the invited error doctrine. The invited error doctrine is essentially a waiver of the right to assign error under Rule 5:25. See Wright v. Norfolk and Western Railway Co., 245 Va. 160, 169-70, 427 S.E.2d 724, 729 (1993). As we stated in Wright, “a litigant will not be permitted to invite a trial court to commit error, either through agreeing or failing to object, and then be permitted to successfully complain of such error on appeal.” Id. at 170, 427 S.E.2d at 729. If error occurred in the failure of the trial judge to wait an additional two days before entering the dismissal order, surely the error was occasioned by the acknowledgement by the plaintiff that no compliance with the order was possible within the two-day period followed by the express invitation, issued twice, to “go ahead and dismiss the case.”
As the statement of facts reveals, this case was originally filed in May of 1997 and was nonsuited prior to argument on a motion for summary judgment based upon plaintiff’s failure to timely designate expert witnesses. After the case was refiled in September of 1998, controversy arose over the adequacy of compliance with the Rules of Court concerning designation of expert witnesses. The trial court gave plaintiff leave to amend his designation. Upon the filing of an amended designation, defendant again filed a “motion to strike the [pjlaintiff’s expert.” The trial court denied the motion; however, the court ordered “that the [djefendant be afforded the opportunity to adequately depose [pjlaintiff’s expert by the close of business on June 4, 1999, or the [cjourt would revisit its decision on the motion to strike.”
At a hearing on June 2, 1999, the court was advised of plaintiff’s lack of compliance with the terms of the order requiring discovery. In another display of attempted accommodation of plaintiff, the court “then agreed to extend the June 4, 1999 deadline in order to accom *179 modate the deposition of Dr. Kostuick [sic].” Inexplicably, plaintiff did not accept the trial court’s offer.
Faced with plaintiff’s repeated failure to comply with the Rules of Court and discovery orders, the trial court nonetheless tried to provide plaintiff with alternatives other than striking his expert or dismissing his case. For reasons known only to plaintiff, the efforts of the court were resisted. In this context, it was not an abuse of discretion for the court to accept plaintiff’s invitation to dismiss the case. Even if the failure to wait two more days to enter the order is characterized as error, under any reasonable interpretation, it was invited error about which plaintiff may not now complain on appeal.
I respectfully dissent from the majority opinion because it elevates form over substance. I would affirm the judgment of the trial court.